MAYER, Circuit Judge,
dissenting-in-part.
While I agree that the challenged claims are patent ineligible under 35 U.S.C. § 101, I respectfully dissent from the court’s determination that we have jurisdiction to review a decision by the Patent Trial and Appeal Board (“board”) to deny a motion to terminate a post-grant review proceeding as barred by 35 U.S.C. § 325(e)(1). The board’s application of section 325(e)(l)’s estoppel provision in determining whether to institute or terminate review is “final and nonappealable,” 35 U.S.C. § 324(e), and thus falls well beyond the reach of our appellate authority.
In interpreting 35 U.S.C. § 314(d) which, like 35 U.S.C. § 324(e), provides *1058 that “[t]he determination by the Director whether to institute ... review under this section shall be final and nonappealable,” the Supreme Court made clear that this court, with certain narrow exceptions, has no jurisdiction to review determinations about the application and interpretation of statutes “closely tied” to the Patent Office’s decision to institute review. Cuozzo Speed Techs., LLC v. Lee, — U.S. —, 136 S.Ct. 2131, 2141, 195 L.Ed.2d 423 (2016). The present appeal presents a run of the mill dispute about the interpretation of a patent statute — 35 U.S.C. § 325(e)(1) — closely related to the board’s decision to institute a second covered business method patent review (“CBM Review!’). Section 325(e)(1) bars a petitioner from requesting or maintaining a proceeding before the Patent Office, including a CBM Review, challenging a claim on any ground that the petitioner raised, or reasonably could have raised, during an earlier review. This provision is “closely tied,” Cuozzo, 136 S.Ct. at 2141, to the board’s institution decision because when it applies, the board may not institute review on a petitioner’s challenge to particular claims. Because the board’s conclusion as to whether a petitioner is prohibited from bringing or maintaining a proceeding before the Patent Office is a central aspect of the determination to institute review, it falls squarely within the scope of the bar, imposed by 35 U.S.C. § 324(e), on appellate review of institution decisions. See Husky Injection Molding Sys. Ltd. v. Athena Automation Ltd., 838 F.3d 1236, 1246 (Fed. Cir. 2016) (emphasizing that “statutes ‘closely related’ to the decision whether to institute are necessarily, and at least, those that define the metes and bounds of the ... review process”).
We confronted an analogous situation in Husky. There, the board rejected the patent holder’s argument that assignor estop-pel barred institution of inter partes review. Id. at 1240-41. On appeal, we held that we had no jurisdiction to review whether the board correctly resolved the assignor estoppel question, explaining that the equitable doctrine of assignor estoppel is tied to the interpretation of 35 U.S.C. § 311(a), a statute which is closely related to the board’s institution decision. Husky, 838 F.3d at 1246. We emphasized, moreover, that assignor estoppel does not impact the board’s ultimate authority to declare claims unpatentable, but instead only prevents particular petitioners from challenging a patent. Id. at 1246-47. Because “any question concerning assignor estoppel necessarily implicates who may petition for review ... such a question falls outside of the narrow exceptions to the otherwise broad ban on our review of the decision whether to institute.” Id. at 1247; see also Achates Reference Publ’g, Inc. v. Apple Inc., 803 F.3d 652, 657 (Fed. Cir. 2015) (holding that this court may not review the board’s application of the ' 35 U.S.C. § 315(b) time bar because that “bar does not impact the Board’s authority to invalidate a patent claim — it only bars particular petitioners from challenging the claim” (emphasis added)).
Just as we had no jurisdiction to review the board’s application of assignor estoppel in Husky, we are likewise precluded from reviewing the board’s application of the petitioner-specific estoppel provision at issue here. Like assignor estoppel, section 325(e)(1) estoppel only “implicates who may petition for review.” Husky, 838 F.3d at 1247. To hold that this court can review the board’s application of section 325(e)(1) estoppel is an unwarranted jurisdictional extension, inconsistent with the broad and unequivocal statutory bar on review of institution decisions.